Geeen, J,
delivered the opinion of the court.
This bill is filed to rescind a contract for the purchase of a tract of land.
Theoderick North, the defendant, is one of the executors of the will of Wm. North, his father, and at the sale of other property belonging to the estate, he offered for sale the tract of land in controversy, representing that as executor, he had a right to sell and convey the same. The complainant became the purchaser, and the defendant, as executor, executed to him a deed of conveyance, with a covenant that he was seized, and had a good right, as executor as aforesaid to convey.
The will of Wm. North confers no power on his executors to sell his land, and the deed of the defendant vests no title in the complainant.
While this bill has been pending, a decree has been made for the sale of this land, in order for a division among -the heirs of Wm. North, and the defendant has become the purchaser at the sale, which has been made under that decree;, and he now offers in his individual character, to make a good *312 title to the complainant. The Chancellor decreed a recission of the contract, from which decree the defendant appealed.
We are of opinion there is no error in this decree. There is nothing in the clanse of the will reférred to in the pleadings from which the executor could possibly infer, that he had authority to sell the lands of his testator. The very proposition to sell the land as executor, was a species of fraud. Persons who go to a public sale of a deceased person’s estate, are not in the habit of scrutinizing the provisions of the will, to judge of the extent of the executor’s power. They take it for granted, that he has good right to sell all the property he offers to the bidders. W here he thus offers the property for sale, it is a representation that he has a right to sell, and by reason of his situation he gains the confidence of bidders, who are deceived thereby, if he have no power to make the sale. Whether he intends corruptly to defraud the purchaser or not, the effect is the same; the bidder is deceived by the false representation, and ought to be relieved. ,
In this deed there is a covenant of seizin, in which the defendant asserts that he has a right to sell and convey this land as executor.
Here is an express misrepresentation. The complainant had a right to bring his bill before he was evicted because of the covenant of seizin, on which a right of action arose the moment it'was made. There is no reason for denying the complainant relief, and turning him over to his action at law on the covenants in the deed. The circumstances of imposition and fraud in the sale, are such as to sustain the jurisdiction of a court of equity. 4 Hump. R. 66. The oiler by the defendant of his own individual deed, by which a title acquired by him, personally, since the pendency of this suit, presents no ground for refusing the relief prayed in this bill. If the complainant were compelled to take this title, the price' he agreed to give for the land would enure to the individual benefit of the defendant. He has purchased the land and he is bound to his co-heirs only for the price he bid at the sale under the decree before mentioned, while he would get all the benefit of the exhorbitant price, it may be, which the *313 complainant was to give. But if a party fraudulently sell, and convey an estate to which he has no title, the vendee who comes into equity to rescind the contract, will not be compelled to take an after-acquired title from the vendor.
Aifirm the decree.